IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ENCHANTED GREEN LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:23-cv-696-ECM |
| | ) | |
| ALABAMA MEDICAL CANNABIS | ) | |
| COMMISSION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On December 4, 2023, Plaintiff Enchanted Green LLC ("Enchanted Green") filed this action against Defendants Alabama Medical Cannabis Commission ("the Commission") and the Commission's members, William Saliski, Jr., M.D.; Sam Blakemore; Dwight Gamble; Angela Martin, M.D.; Eric Jensen; Loree Skelton; Rex Vaughn; Charles Price; Taylor Hatchett; James Harwell; Jerzy Szaflarski, M.D.; Dion Robinson; and Jimmie H. Harvey, M.D. (collectively, "the Defendants"), concerning the Commission's alleged issuance and subsequent revocation of a license to process medical cannabis to Enchanted Green. (Doc. 1).  Enchanted Green brings three claims: (1) deprivation of property rights without due process of law (Count One); (2) violations of the Alabama Open Meetings Act (Count Two); and (3) violations of Enchanted Green's constitutional rights pursuant to 42 U.S.C. § 1983, including, but not limited to, its right to due process (Count Three). (*Id.* at 27–32).

Now pending before the Court is Enchanted Green's emergency motion for temporary restraining order and preliminary injunctive relief (doc. 2) filed on December 4, 2023. Enchanted Greens seeks a temporary restraining order enjoining the Commission "from moving forward with the licensing of the putative winning applications" until Enchanted Green's due process claims can be heard. (*Id.* at 16).

A temporary restraining order may issue only where the moving party demonstrates (1) that there is a substantial likelihood of success on the merits, (2) that the temporary restraining order is necessary to prevent irreparable injury, (3) that the threatened injury outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) that the temporary restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (per curiam).

At this stage, Enchanted Green has not shown that there is a substantial likelihood of success on the merits. *See id.* Consequently, Enchanted Green has failed to show that it is entitled to a temporary restraining order.

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED as follows:

1. Enchanted Green's motion (doc. 2) is DENIED to the extent that it requests a temporary restraining order;

2. Enchanted Green's motion for preliminary injunctive relief (doc. 2) is SET for an evidentiary hearing on **December 13, 2023 at 10:30 a.m. CT** in **Courtroom 2A**, Frank M. Johnson Jr. Federal Building and United States Courthouse, One Church Street,

Montgomery, Alabama.  The Clerk of the Court is DIRECTED to provide a court reporter for this proceeding;

3. The Defendants shall file a response to Enchanted Green's motion on or before **12:00 p.m. CT on December 11, 2023.**

The Clerk of the Court is DIRECTED to serve a copy of this Order by electronic mail on Justin C. Aday, William H. Webster, and Mark D. Wilkerson to the email addresses provided in the memorandum brief's Certificate of Service (doc. 3 at 18); and by overnight mail to the physical addresses provided in the proposed summonses (doc. 8).

DONE this 4th day of December, 2023.

        /s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE